**[Cite as *State v. Ackert*, 2024-Ohio-5676.]**

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                      |
|--------------------------|---|------------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.     |
|                          | : | Hon. William B. Hoffman, J.  |
| Plaintiff-Appellee       | : | Hon. John W. Wise, J.        |
|                          | : |                              |
| -vs-                     | : |                              |
|                          | : | Case No. 24CA004             |
| ROBERT ACKERT            | : |                              |
|                          | : |                              |
| Defendant-Appellant      | : | <u>OPINION</u>               |


CHARACTER OF PROCEEDING:      Appeal from the Holmes County Court of
                              Common Pleas, Case No. 22CR073


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       December 4, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MATTHEW MUZIC                             DAVID M. HUNTER
Prosecuting Attorney                      244 West Main Street
164 East Jackson Street                   Loudonville, OH 44842
Millersburg, OH 44654

*Gwin, P.J.*

{¶1}   Appellant Robert Ackert appeals his conviction and sentence from the Holmes County Court of Common Pleas.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   On September 12, 2022, appellant was charged by indictment with forty-five (45) counts of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(5), felonies of the fourth degree, one count of obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree, and one count of resisting arrest in violation of R.C. 2921.33(C)(2), a felony of the fourth degree.  Appellant was arraigned on September 21, 2022, and pled not guilty.  Appellant filed a written waiver of right to trial by jury, which was filed on November 27, 2023.  The trial court also confirmed at a hearing that appellant wished to waive his right to trial by jury.

{¶3}   The trial court held a bench trial on December 11, 2023.

{¶4}   Brian Schmitt ("Schmitt") of the Cuyahoga County Prosecutor's Office is a special investigator focusing on computer forensics with the Ohio Internet Crimes Against Children Task Force ("ICAC").  Schmitt performed forensic data recovery on a Samsung cell phone and a PC tower.  Schmitt found 1,035 different items of child sexual abuse material on the cell phone and 273 child pornography materials on the computer.  The child abuse sexual assault images and videos on the phone were accessed on various dates, including:  June 19, 2022, May 21, 2022, July 20, 2022, May 9, 2022, April 29, 2022, July 17, 2022, April 25, 2022, June 17, 2022, June 7, 2022, July 13, 2022, July 12, 2022, May 27, 2022, April 30, 2022, June 28, 2022, May 25, 2022, May 6, 2022, May 19, 2022, May 4, 2022, April 26, 2022, and May 27, 2022.  Schmitt was able to determine the

owner of the phone because the Cellbrite program automatically generates that information via email addresses.  The email address of mike_ackert@yahoo.com, a Roku account with the same email address, and a Facebook account under the name Mike Ackert were retrieved from the Cellbrite program.

{¶5}    Detective James Henry ("Henry") is employed by the Holmes County Sheriff's Office and investigates child abuse complaints.  Henry received a report from ICAC informing him of a "hatch match" indicating uploaded files of child pornography. The "hatch match" is a national database of recognized child pornography having serial numbers attached to them.  Search programs such as Yahoo and Google have a system that watches for those tagged numbers to appear through their platform.  Yahoo identified appellant as a suspect with the email address of mike_ackert@yahoo.com and a phone number that was appellant's cell phone number.

{¶6}    On July 22, 2022, Henry went to appellant's residence to execute a search warrant.  Appellant had a cell phone in his hand and indicated it was his cell phone.  Henry secured the cell phone.  The Samsung cell phone Henry took from appellant was the same as entered into evidence based on Henry's visual inspection and the serial number.  Henry sat with appellant in Henry's car while other officers searched appellant's home.  Henry tagged and placed into evidence from appellant's home:  a Samsung smartphone, a Trio Stealth tablet, a Dell tower computer, another laptop, eight memory devices, a Lenovo tablet, and a data travel memory stick.  Henry sent the cell phone and tower computer to the ICAC lab in Cleveland to be forensically imaged.

{¶7}    Henry executed an arrest warrant on appellant on September 2, 2022, at 10:00 a.m.  When the officers approached, appellant came out with a pistol in his right

hand.  When appellant would not put the pistol down, one of the officers shot appellant in the stomach.  Appellant went back into his home.  At 3:00 p.m., officers were able to subdue appellant with a taser.  Henry identified a Hi-Point 9mm firearm as the one that appellant brandished that day.

{¶8}    In December of 2022, Henry received the report from the ICAC lab.  The lab was able to determine the number associated with the telephone that was searched was the same number appellant had given to Henry as his phone number.  Further, the email of mike_ackert@yahoo.com was associated with the phone.  For a "Telegram" account on the phone, there is a username of "Shooter Bill," which is associated with the phone number appellant gave Henry as his phone number.  With respect to the Telegram account, Henry found a series of messages back and forth and discovered that some of the videos were either sent by "Michael Ackert" or received by him.  There are conversations where "Michael Ackert" talks about accessing different videos.  Henry identified Telegram messages sent from the cell phone under the "Shooter Bill" username.  There are over 800 pages of messages.  Henry testified to these messages, specifically to "Shooter Bill" asking for "boys doing other boys," "rape videos or little boys from getting it from men or boys," boys getting sex from another boy or man," "younger than 12," and "anything with boys and girls."

{¶9}    Additionally, there are messages from "Shooter Bill" to other users stating: "I did send you young girls," "I get horny when I see girls," "I see cocks all day long," "I've never done anything with a baby.  I stay at 5 and up," "baby pictures are ok, but I will not do anything with a baby," and "just look at those yummy bodies."  Henry stated still photographs in the chat between "Shooter Bill" and another user depict a young child

giving oral sex to another child. Henry also testified the messages discussed a website called "Big-O Live," which is a site that has child pornography on it, and videos that are exchanged. A "Big-O Live" account was accessed from appellant's phone. Henry personally reviewed the videos and photographs obtained from the devices sent to the ICAC lab, and stated they contained minors engaged in sexual activity or bestiality. Henry went through numerous screenshots of images or videos found on appellant's phone of minor engaging in sexual activity or bestiality at trial.

{¶10} Lieutenant Eric Troyer ("Troyer") testified to the operability of the firearm entered into evidence.

{¶11} Counsel for appellant made a Criminal Rule 29 motion. The trial court denied the motion.

{¶12} The trial court issued a written verdict on January 5, 2024, finding appellant guilty of the counts contained in the indictment.

{¶13} The trial court held a sentencing hearing on February 8, 2024. Counsel for each party was given the opportunity to speak. The trial court personally addressed appellant and provided him with an opportunity to speak. The trial court merged counts 46 and 47. The trial court sentenced appellant to ten months in prison on each of the pandering sexually oriented matter involving a minor counts, to be served consecutively, and eighteen months on the resisting arrest charge, to be served consecutively to the sentence on the other forty-five counts.

{¶14} In fashioning the sentence, the trial court stated it considered R.C. 2929.12, weighing the factors which indicate appellant's conduct was more or less serious (young age of the victims, the serious harm caused to young children as a result of the videos),

and the factors which would indicate appellant is more or less likely to commit future crime (appellant's lack of remorse and appellant's statement that the images were downloaded on his phone either by the police or "on their own").  As to consecutive sentences, the trial court found that, pursuant to R.C. 2929.14(C)(4), consecutive sentences are necessary to protect the public from future crime, to punish appellant, are not disproportionate to the seriousness of the conduct, and the danger appellant poses to the public demonstrates consecutive sentences are necessary to protect the public from future crime by appellant. Further, the trial court stated that at least two of the multiple offenses were committed as part of one course of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of that conduct adequately reflects the seriousness of appellant's conduct.  The trial court imposed post-release control on appellant.  Finally, the trial court informed appellant he would be classified as a Tier II sex offender and specifically informed him of his registration requirements.

{¶15} The trial court issued a sentencing entry on February 9, 2024.  In the judgment entry, the trial court: classified appellant as a Tier II sex offender; explained the registration requirements of a Tier II sex offender;  stated it considered the principles and purposes of sentencing in R.C. 2929.11; stated it considered the seriousness and recidivism factors in R.C. 2929.12; merged counts 46 (obstructing official business) and 47 (resisting arrest) with the State electing to proceed on count 47; found consecutive sentences were necessary to protect the public from future crime or to punish appellant; found consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public; found at least two of the multiple

offenses were committed as part of one course of conduct, and the harm caused was so great or unusual that a single prison term for any of the offenses committed as a part of any of the courses of conduct adequately reflects the seriousness of appellant's conduct; imposed an aggregate prison term of thirty-nine (39) years; explained appellant's post-release control; and notified appellant of his right to appeal pursuant to Criminal Rule 32.

{¶16}  Appellate counsel for appellant has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rehearing denied, 388 U.S. 924 (1967), indicating that the within appeal was wholly frivolous and setting forth two proposed assignments of error:

{¶17}  "I. WHETHER SUFFICIENT EVIDENCE EXISTED TO FIND APPELLANT GUILTY.

{¶18}  II. WHETHER THE SENTENCE IMPOSED BY THE TRIAL COURT IS CONTRARY TO LAW."

{¶19}  This Court issued a judgment entry notifying appellant that his counsel filed an *Anders* brief and allowing appellant to file a pro se brief within sixty days of the entry. Appellant has not filed a pro se brief.

*Anders Law*

{¶20}  In *Anders*, the United States Supreme Court held, if after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, he should so advise the court and request permission to withdraw.  *Id.*  Counsel may accompany his or her request with a brief identifying anything in the record that could arguably support the client's appeal.  *Id.*  Counsel also must: (1) furnish the client with a

copy of the brief and request to withdraw; and (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*

{¶21} Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

I.

{¶22} In his first proposed assignment of error, counsel suggests appellant's convictions were not supported by the sufficiency of the evidence.

{¶23} Appellant was convicted of forty-five counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(5), which provides as follows:

(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

**

(5) Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality.

{¶24} The undisputed evidence presented by the State is that the cell phone was immediately taken from appellant's hands by officers when they encountered him at his home on July 22, 2022, after serving appellant with a warrant. Schmitt testified he identified 1,035 items containing child abuse materials on appellant's phone, and an

additional 273 images or videos on a computer seized from appellant's home pursuant to the warrant. Schmitt also testified that many of the images were flagged as previously identified child abuse materials by the National Center for Missing and Exploited Children.

{¶25} The State presented Henry's undisputed testimony that the images and videos upon which the forty-five counts are based each contain an image or video that shows a minor participating or engaging in sexual activity or bestiality. The images and videos were introduced into evidence by stipulation of the parties.

{¶26} The lab determined the number associated with the phone that was searched was the same number appellant had given to Henry as his phone number. The phone user log account also confirms that the email of mike_ackert@yahoo.com was a user account on the phone for various applications and websites.

{¶27} The "Telegram" account found on appellant's phone contained the username "Shooter Bill," which is associated with the phone number appellant gave as his number. "Shooter Bill" is the identity of the user of the Telegram messaging application requesting some of the video files upon which counts 1 through 45 are predicated.

{¶28} The testimony established a user account for "Big O Live," which is a site for viewing pornography, was accessed from appellant's phone, and was used to exchange some of the video files in this case via Telegram. The "Telegram" messaging application, as well as the account name and username soliciting the files were all found on appellant's phone.

{¶29} This evidence was sufficient evidence to support the finding of guilt on counts one through forty-five.

{¶30}  Appellant was also convicted of one count of obstructing official business in violation of R.C. 2921.31(A), which states, "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's capacity, shall do any act that hampers or impedes a public official in the performance of public official's lawful duties.  Henry testified that, when officers attempted to execute an arrest warrant on September 2, 2022, appellant came out with a pistol in his hand, would not put the pistol down, and went back into his home for several hours prior to law enforcement subduing him via taser.  We find this testimony was sufficient evidence to support the finding of guilt on the obstruction count.

{¶31}  Finally, appellant was convicted of one count of resisting arrest pursuant to R.C. 2921.33(C)(2), which provides, "no person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person if * * * (2) the offender, during the course of the resistance or interference, brandishes a deadly weapon."  Henry testified that, when officers approached appellant to execute an arrest warrant, appellant came out of the house with a pistol in his hand and would not put it down.  Henry identified a Hi-Point 9mm firearm as the one that appellant brandished that day.  Troyer testified to the operability of the firearm.  This testimony was sufficient evidence to support the finding of guilt on the resisting arrest count.

{¶32}  We find the evidence presented by the State of Ohio was sufficient, if believed by the trial court, to find appellant was the perpetrator of the crimes charged.

II.

{¶33} In the second proposed assignment of error, counsel suggests appellant's sentence was contrary to law.

{¶34} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if [the appellate court] clearly and convincingly finds * * * the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20," or "the sentence is contrary to law."

{¶35} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954).

{¶36} "A sentence is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range." *State v. Dinka*, 2019-Ohio-4209 (12th Dist.).

{¶37} The trial court found appellant guilty of forty-five fourth degree felonies for pandering sexually oriented matter involving a minor and, after merging for purposes of sentencing, a fourth-degree felony for resisting arrest. Under R.C. 2929.14 felonies of the fourth degree are punishable by "a definite term of six, seven, eight, nine, ten, eleven,

twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." The trial court sentenced appellant to ten months on each of the pandering sexually oriented matter involving a minor counts and eighteen months on the resisting arrest count. The sentence on each count is within the statutory range for a fourth-degree felony. The trial court noted its consideration of the appropriate sentencing factors both at the sentencing hearing and in the sentencing entry. The trial court merged counts 46 and 47. The trial court made consecutive-sentence findings pursuant to R.C. 2929.14(C)(4), both at the sentencing hearing and in the sentencing judgment entry. The trial court also properly imposed post-release control and the Tier II sex offender classification.

**{¶38}** We find the trial court properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed a sentence within the statutory range, properly imposed post-release control, and properly imposed the Tier II sex offender classification. Therefore, appellant's sentence is not clearly and convincingly contrary to law.

**{¶39}** After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.

**{¶40}** Thus, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Holmes County Court of Common Pleas.

By Gwin, P.J,

Hoffman, J., and

Wise, J., concur